## WILLIAMS v. AMERICAN STRING WRAPPER CO. et al.

(Circuit Court, N. D. Illinois. April 19, 1897.)

PATENTS—INVENTION—STRING WRAPPERS.

The Williams patent, No. 558,244, for an improvement in string wrappers, consisting in cutting into the wrapper on both sides of the end of the string, to facilitate getting hold of the string, is void for want of invention.

This was a suit in equity by Benajah Williams against the American String Wrapper Company and others for alleged infringement of a patent. On final hearing.

Brown & Darby, for complainant.
Poole & Brown, for defendants.

GROSSCUP, District Judge. The bill is to restrain infringement of letters patent No. 558,244, granted April 14, 1896, to complainant, for improvement upon string wrappers. The most obvious way of putting a wrapper upon a newspaper was to wrap it round and round until the edge of the wrapper was reached, and then paste it down with mucilage or some other preparation. The difficulty of opening such a wrapper, however, early led to the following improvement: A string or thread was inserted in the wrapper, far enough back from the outer edge to escape the paste or mucilage. The person desiring to open the wrapper took hold of the end of this string, and pulled, thus causing it to cut as a **knife**, severing the wrapper behind the section that was pasted down. Many expedients were adopted to more readily enable the person operating to get hold of the string. One was to knot the string at its end.

Another was to allow it to project beyond the edge. Another was to cut out the wrapper on either side of the end, leaving a projection of the string flush with the edge. The patent under considtration introduces another expedient, namely, the cutting into the wrapper on both sides of the end of the string, so that, by means of the finger, the end of the string may be readily lifted. This expedient was probably new, and is doubtless useful, but I cannot bring myself to think that it evinces invention. It is true that in small things the advances must likewise be small, but smallness and obviousness, as applied to such advances, are not identical terms. The patent is, in my judgment, void for want of invention. The claim based on estoppel is not, in my judgment, sustained. The bill will therefore be dismissed.