WILLIAMS v. AMERICAN STRING WRAPPER CO. et al.

(Circuit Court of Appeals, Seventh Circuit. January 3, 1898.)

No. 433.

PATENTS—INVENTION—STRING WRAPPERS.

The Williams patent, No. 558,244, for an improvement in string wrappers, consisting in cutting into the wrapper on both sides of the end of the string, to facilitate getting hold of the string, so that the wrapper may be easily opened without tearing or injuring the newspaper or other article wrapped therein, is void for want of invention. 81 Fed. 200, affirmed.

Appeal from the Circuit Court of the United States for the Northern Division of the Northern District of Illinois.

This was a suit in equity by Benajah Williams against the American String Wrapper Company and Arthur L. Curry for alleged infringement of a patent. The circuit court dismissed the bill for want of equity (81 Fed. 200), and the complainant has appealed.

Frank T. Brown, for appellant.

C. Clarence Poole and Taylor E. Brown, for appellees.

Before WOODS, JENKINS, and SHOWALTER, Circuit Judges.

WOODS, Circuit Judge. In this case the circuit court found that letters patent of the United States, 558,244, issued on April 14, 1896, to Benajah Williams, were invalid for want of novelty, and accordingly dismissed the bill, which was brought to obtain an injunction against infringement. Williams v. Wrapper Co., 81 Fed. 200. The first claim of the patent reads in this wise:

"A wrapper for newspapers, periodicals, and the like, comprising a body portion having a thread or cord attached thereto, said thread or cord arranged in proximity to and parallel with the end of said body portion, and extending transversely across the same, and terminating flush with the edge thereof; said body portion provided with slits in the edge thereof adjacent to the ends of the thread or cord, forming a partially detached portion, which partially detached portion remains attached to the thread or cord, as and for the purpose set forth."

The other claims differ from this only in minor particulars, the second describing "the inner ends of said slits" as "converging towards each other and the thread or cord," and the third, besides the inclined slits, calling for a wrapper "comprising a rectangular body." The specification, in part, says:

"The object of this invention is to provide a wrapper that can be easily opened without tearing or injuring the newspaper, periodical, or other article wrapped therein. * * * Adjacent to the gummed end of wrapper, A, and extending entirely across the wrapper, parallel with the end thereof, is a small flexible thread or string, C, which may be secured to the wrapper by first applying to the thread or string an adhesive substance, and then, before the adhesive substance becomes dry, applying said thread or string directly to the material out of which the wrapper is made, and permitting the adhesive material to be dried in any suitable manner. The string or thread is of a length such that its ends are flush with the edges of the wrapper, as shown. On each side of the string, at the ends thereof, I provide a short notch or slit, D, in the edge of the wrapper, as shown, for a purpose to be presently described. The two slits at each end may be inclined towards each other from the outer edge of the wrapper. The string or thread, C, is applied to the same side of the wrapper as the adhesive substance, B; so that when the wrapper is wrapped around a newspaper, periodical, or other article, as indicated at E, Fig. 2, the string or thread will be on the inner surface of the wrappers, as shown. The wrapping of the article is begun at the end of the wrapper opposite the end to which the adhesive substance and the thread or string are applied, and the said string or thread is located adjacent to the gummed end of the wrapper, so that, when the wrapper is applied to the article, only one thickness of the wrapper is necessary to be ruptured to open the package or bundle. The provision of the slits, D, enables a person to easily grasp the end of the string or thread to effect a rupture of the wrapper across its entire width. If desired, slits, D, may be provided only in one edge of the body portion. The portion of the wrapper included between the two slits at the end of the string is prevented from becoming detached by its adhesion to the

string, and also by reason of the fact that the slits, D, do not join each other at the inner extremities thereof. It will be obvious that the flexibility of the thread or string will not interfere with the folding or rolling of the wrappers when handled in bulk. Wrappers constructed in accordance with my invention may be made of any desired size and shape, and of any suitable material. If desired, the gumming of the edge of the wrapper may be omitted, and the wrapper may be secured, when wrapped around an article, by any suitable or well-known method, as will be readily understood."

Numerous patents were produced in proof of the prior art, but, by stipulation of counsel, copies of all were omitted from the record except the British patent 340, issued in 1866 to Earnest Petito, and letters patent of the United States 180,773, issued August 8, 1876, to H. B. Magruder and R. M. Walsh; 271,006, issued on January 23, 1883, to J. A. Whitney; 459,461, issued on September 15, 1891, to W. J. Puckett; 486,523, issued on November 22, 1892, to J. Zimmerman; and 519,185, issued May 1, 1894, to P. J. Ogle. Prior use also was alleged, predicated upon wrappers made at Toledo, Ohio, between 1889 and 1896, according to designs of Henry T. Marshall, as illustrated in his applications for patents filed February 10 and March 22, 1888, drawings of which are in the record by agreement. The Petito patent shows a thread in the fold of an envelope for a letter with perforations near the end of the fold. The patent to Magruder and Walsh also has reference to envelopes for letters, and shows a string or cord, covered within the folded end, and not extending beyond the sides, with a series of perforations in a corner of the envelope near one end of the string. The Whitney design is for an envelope or covering for cigars, and need not be more particularly described. The Puckett patent shows a cord in the bottom fold of an envelope, the corners of which are made to project and cover the knotted ends of the string. The Zimmerman patent is for improvements in key-opening sheet-metal cans, and shows a detached strip terminating in a free tongue at one edge of the blank sheet of which the can is made. The Ogle design, of which an illustration is given

 in the margin, is a wrapper or envelope for periodicals and the like, provided with two lines of slits forming a tearing strip, the slits of each line being disposed at such angles that the line of fracture is prevented from deviating from its proper course. The Marshall designs were also for wrappers for periodicals or newspapers, and show a thread extending across the body near the gummed edge of the wrapper, the ends of the thread in one form of construction projecting beyond the side lines of the wrapper, and in the other form terminating flush with those lines in a circular notch cut out of the paper, whereby the ends of the string are left uncovered.

In view of what had been done before, Williams, it is clear, cannot be credited with a patentable contribution to the art. His conception may have been original with him, but it was not essentially new. The use of the string or cord was familiar, and if a cut or slit in the

edges of a wrapper, already provided with a string, for the purpose of making easy the grasping of the ends of the string, was not otherwise an obvious expedient, it was plainly suggested by the patent of Ogle. It was only necessary to place the string upon the tearing strip of that patent to produce the exact design in question. The decree below must be affirmed.